May it please the Court, Counsel, my name is Doug Northup. I represent the appellant, Meredith Holmes of Nevada. I would like to reserve three minutes of my time for rebuttal, if I may. And would you move the mic just a little closer to you? There you go. And I apologize, I'm recovering from a cold, so I'll try to speak up a little bit. I'd like to address just very briefly the judicial estoppel issue that the Court addressed and request a supplemental briefing on in connection with some motions. We acknowledge that the Ninth Circuit has restricted to this date judicial estoppel to circumstances where the party against whom it's being asserted has achieved some benefit. But I'd like to point out in this particular case, first of all, the New Hampshire v. Main case, on which the Ninth Circuit Authority relies, the United States Supreme Court, says in enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula. The Court doesn't have to find that as an element. The Ninth Circuit, candidly, has so far restricted its analysis. But in this particular case, we have a situation that's pretty unusual, and that is parties who brief this appeal before this Court between the time of that briefing has now completely changed sides, formed a new entity to try to avoid the consequences of that, and will now be arguing positions that are literally 180 degrees opposite. And we think that the considerations of judicial integrity should not allow that to happen. So what would be the result, then? You're suggesting that the settlement knocks out any opposition to the defense or knocks out any defense to the arbitration award and that Meritage therefore wins by default? No. Where they're changing their argument is on the part of the brief saying that the award should be partially vacated as to consequential damages and reduced, not the entire award. There's a second part of the appeal that Meritage Homes of Nevada filed a motion to clarify because the arbitration panel found that there was no. We understand that argument. So what you're saying, at least as to the first, that as to whether there were consequences that these were inappropriate damages to begin with, they exceeded the arbitrator's authority, that there's no defense to that, no argument. They should not be allowed to switch positions and argue on the one hand to you that  What do we do with the briefs? What do we do with the briefs that were filed before the settlement? Do we still consider does this Court still look at the substantive arguments and decide whether or not this Court should overturn the arbitration award? I don't think that they do in this circumstance because, again, the party who now is the real party in interest, it's not the party who filed the brief before. It's the party who wants to change the positions. So in plain terms, your position is because of this settlement, the arbitration award essentially is fair game for whatever Meritage argues, and we don't have any ability to reject it, at least not based on the briefing. I don't think as to the first part, but as to the merits of that argument, they were correct in their arguments below that Meritage joined because the arbitration panel did. I'm talking about Focus's argument there because you're saying that now Focus is out of the picture, so they're the ones that that position defending the appellee's position, whoever the appellees are anymore. The appellee's position is no longer before us. If judicial estoppel applied, I believe that is correct as to the motion to partially vacate. Roberts. So could I just follow up on that? I was a bit confused. So Meritage's brief, your brief, only argues the – a separate issue about whether you would – whether there was an error in the arbitration award, and then the brief – it was Focus's brief that focused on the consequential damages issue. Meritage says, well, we joined those arguments. But now that brief is out of the picture because that – assuming that it is out of the picture because we dismissed that appeal at Focus's request. Is there a case saying that Meritage can incorporate by reference a brief that doesn't exist? So in other words, have you actually – are those arguments, which is now in a brief that no longer is before us, are they actually part of your brief or not? Can we hear that argument from you? Well, I don't think that there's any authority for striking the brief. I think what we're saying is a party is not allowed to take that diametrically opposed position under the doctrine of judicial estoppel. I'm asking a slightly different question, which is they're gone. Assuming that we grant that motion to dismiss, they're gone. Their brief is – nobody is arguing that brief anymore. They're gone. And so normally we would say that a party can't incorporate by reference a bunch of other arguments and some other – from something else. They're stuck with their page limit. Obviously, it's different when there's two parties on appeal and you can join in other people's arguments. But we don't have that anymore. So I was just wondering about whether these arguments were actually orphaned and that Meritage couldn't rely on them. Well, if the motion to partially vacate on consequential damages goes away, the only thing that's left is Meritage's separate brief on the issue that it wasn't subject – subjected to the award at all and the motion should be clarified. Because the effect of that is that if you didn't cause any damages, you're not subject to a damages award at all. If the position that was advanced by the builder group before and opposed by focus is adopted and the consequential damages are vacated, that would have the effect of reducing the award from $36 million plus to $8.2 million. But we did file a, you know, notice of appeal and a separate brief on our issue. So if your question is, would applying judicial estoppel for closed Meritage from arguing its own separate issue, I think the answer is clearly no, because that was separately briefed. That wasn't exactly my question. But why don't you go ahead. In terms of the merits, the builder's brief, which we joined, is accurate in terms of the arguments it makes. They're very compelling. That was my question, was whether you could argue the builder's brief since the builders are out of the case. Well, I mean, if the Court were to rule right now that judicial estoppel applies, then we wouldn't need to. I'm not sure. Are those issues linked? I mean, I don't understand why those issues are linked. I guess I'm not following you. Okay. I'm sorry. Go ahead. If the Court doesn't apply judicial estoppel, we have to address both parts of the argument on its merits. The first part of it is that the award should be vacated in part because the arbitration panel exceeded its jurisdiction and awarded consequential damages. And as set forth very well in the brief, the arbitrators under the agreement shall have no authority to award punitive or consequential damages. In terms of the issue, the standard of review, this is not a circumstance where there's any type of deference that is given to the arbitration panel. The exceeding, excuse me, the deferential standards, rather, don't apply because here, if the arbitration panel exceeded its jurisdiction, then that doesn't get the standard. This is stated in the Bosak v. Sauer case where the Court conducted de novo review of whether the arbitrator exceeded authority without reference to that standard at all. Arbitrators said, very carefully said, that they were not exceeding their authority on this issue and that they were not awarding improper damages. So are we faced with a question of the law as to whether or not their assertion is true? No, because as one of the cases that were cited, I believe it might have been the Coase trading case, said if the arbitrators could simply say these aren't consequential damages and that insulated it from review, then the arbitrators could just easily exceed their authority, and it would, by making a mistake on whether they exceeded jurisdiction. If there's a circumstance to it, I don't think that's the case. It seems that they had a theory as to why they felt that they were appropriate damages. So how do we determine that they were wrong? What's our process for determining that they were wrong, that as a matter of law, their rationale doesn't hold together, or is it some factual? Well, their rationale really was just they just said these are direct damages, and they cited a Nevada case which didn't even deal with the question of whether damages were direct or consequential. In the briefing that we joined, there were numerous cases that were cited that said finance charges are consequential damages. Costs and taxes are consequential damages. Attorney's fees are consequential damages. And that's what amounts up to the $25 million part of the award. In the brief that FOCUS filed, they didn't cite one case that refuted the notion that interest, taxes, attorney's fees are consequential damages. Their argument essentially was that the panel said these were consequential damages, therefore, they are. But the panel also, and this was briefed as well, the financing charges, all of the alleged breaches in this circumstance or in this case even occurred based on the arbitrator's finding. And as the National Investor Services cases that we cited said, in order to be direct damages, they have to be direct and immediate result of the breach. And damages that were incurred, items of expenses that were incurred before the breach can occur are consequential by their definition. And the National Investor Services case said, unlike direct damages, which are the natural and probable consequence of the breach, consequential damages arise from the special circumstances that make them probable or they would be usually apart from such circumstances, again, flowing naturally from the breach. So the panel found these were damages, but they were not the immediate and direct result of a breach they couldn't have. And for that reason, the builders group was absolutely correct. There's not deference that's given. And this is one of those circumstances when the arbitration panel exceeds its award. You may want to turn to your jurisdiction. I'm sorry? You may want to turn to your other issue. Yeah. The second argument, it's very simple. The arbitration panel said there were three breaches that were committed in this case, voting to stop a build-out of the project, failing to fund interest reserves, and failing to perform on takedowns and unilaterally extending takedowns. They went on to say that there were the Respondent members except Meritage breached the obligations to effect their takedowns as scheduled and by unilaterally extending takedown dates. Everyone except Meritage. They went on to say we find that FOCUS has sustained no damages beyond those directly caused by breaches consisting of actions taken by some or all of the Respondents to defer takedowns under the acquisitions agreements. That quote I just read from you, the only statement in the opinion about causation follows a sentence that says, having concluded that direct breaches have occurred with regard to completion of the project, failure to fund interest reserves and interest payments, and failures to effect takedowns, we find no separate violations of the implied covenants here. The law is well established in Nevada that you can commit a breach, but if you don't cause the damage, you're not subject to the award. Did Meritage argue that to the arbitration panel, that issue? That it didn't cause the damages? That because it didn't cause the breach, that it caused injury to FOCUS, it wasn't responsible for the damages. No, because that issue hadn't we, we, the panel hadn't ruled at that point. We argued that Meritage had not committed any breaches and should be relieved from all of its obligations under the operative agreements. But when the panel came out and said, you committed two of the three breaches, but not the one that caused damages, and in the arbitration panel's award, this is a situation. Kennedy, clarify or add or supplement Judge Akuta's question. Once they did issue their written award, did Meritage move to correct or clarify? We, we, the briefing was done in the district court. We had, by statute, you have the option. You can go back to the panel. You can go to the district court. In this circumstance, there was a motion to confirm the arbitration award in the district court. We file our briefing in connection with that. So you didn't go back to the panel to clarify? We did not go back to the panel to clarify. So what you're asking us to do is interpret this award, or you ask the district court, and then you're asking us to clarify their award for them. This is an award where when the panel awarded its damages, it just said, we award $36 million in favor of focus. It didn't do any allocation. It didn't say against. And now it said we award damages as set forth above. And what we have is a circumstance where, as set forth above, Meritage is excluded from having committed the act that caused the damages. And under those circumstances, again, it's very clear, their statement on causation, that the panel, we believe we're not challenging their findings, we're not, we're accepting everything they said is true. But under those circumstances, the part of the award in awarding damages should be clarified so it doesn't apply to Meritage, because, again, very clear, the only breach that caused damages is the one that very clearly stated that Meritage did not commit. Thank you, counsel. Your time is about to expire. We'll give you a little bit of time for rebuttal. Thank you. Good morning. May it please the Court. My name is Rex Heinke. I'm here on behalf of Inspirata Builders. Maybe I should turn first to the question of judicial estoppel. We think it quite clear there's no estoppel here for the very reason that opposing counsel mentioned, which is that no court has ever relied on the position taken by the four home builders in making any decision. And therefore, one of the essential elements of judicial estoppel simply is not met here. If one also looks at the policy behind judicial estoppel, the whole point of that is to make sure that the court, on the one hand, is able to engage in its truth-finding function and find out what the truth is, but that a party can't play fast and loose and say, I'm going to say X and I win, and okay, now I won under X. Let me switch over here. I want to say non-X and also win again. Nothing like that happened here. It is certainly true that the home builders asserted that consequential damage award here was improper. And it is true that the home builders created this entity that I represent, Inspirata Builders, and Inspirata Builders' position is the opposite. So that element of judicial estoppel is met, but the rest of the elements that we got some advantage is not met. And second, there's no unfairness to meritage. The home builders paid over $40 million to resolve this issue in the bankruptcy court. Meritage fought that tooth and nail, was opposed to it, and lost. Had a full hearing on that, a full opportunity to try and overturn that, and it never sought to appeal that, and that decision is now final. So the third element of judicial estoppel is also not met. There simply isn't any unfairness to meritage here. And so we submit respectfully that judicial estoppel simply does not apply in this case. If we turn then to the issues, first the issue of consequential damages, the first question which opposing counsel doesn't discuss because it is the death knell for his case, which is what is the standard of review for this issue? And the standard of review, as stated by this Court repeatedly and most recently by this Court in Biller v. Toyota, is that an arbitrator exceeds his or her powers if they engage in manifest disregard of the law or if their decision is completely irrational. Now, are we under the FAA or under the Nevada Uniform Arbitration Act and does it matter on this point? I don't think it matters. I think the parties were not very clear about just what it is, and I think the law is consistent. I don't think anyone has argued that there's any inconsistency between Nevada's law on arbitrations and the FAA. If you look at what Nevada has said in the Rainbow decision, it says that an arbitrator exceeds his or her powers if it's not rationally grounded in the agreement, and, quote, the award should be enforced as long as the arbitration is arguably construing or applying the contract, unquote. So I don't think those standards really are any different here. On manifest disregard of the law, absolutely clear what must happen. An arbitrator must say, A, this is the law, and, B, I will not follow it. And absent that, there is no manifest disregard of the law. Counsel argues, though, that this is just a smokescreen statement by the arbitration panel that, by definition, everything that is included in the award is indisputably consequential damages. All they're doing is saying, It isn't because we're calling it direct. They don't say the words, Oh, we know that you can't do it, so we're going to call it. We can't do X, so we're going to call it Y. I'll just say two things in response. The first one is the arbitrators must do that. They must say, This is the law, and we won't follow it, or it's not manifest disregard. The second thing is, however, they made it very clear that they thought these were direct damages and not consequential damages. They said that in their decision. And whether one views that as a factual determination, which I think it is, or as a legal determination, that's what the parties agreed to here. They agreed to arbitration. They agreed to virtually no judicial review. And what Meritage wants is to argue about a factual finding. Is it direct or not? They want to argue what are consequential damages and what is the law of consequential damages. They are not entitled to do that. They picked arbitration. They signed up for arbitration. There simply isn't any basis for judicial review about consequential damages in this case. Let me also turn to their second question. Meritage says, Well, the arbitrators, according to Meritage, they found that Meritage didn't cause any damages. I submit there are several problems with that. The first problem with that argument is this. The law is quite clear, and the FAA and Nevada law are the same, that a court can modify award if, quote, the award is imperfect in a matter of form not affecting the merits, unquote. That is all that can be done. This indisputably affects the merits. Meritage's position is it has no liability for a $36 million arbitration award, none whatsoever. By the very terms, the statutory terms applicable here under the FAA and Nevada law, this award, the court has no authority to change the award because it's changing the merits. Second, even if that wasn't true, we had two retired Supreme Court justices from the Nevada Supreme Court and an experienced retired district court judge. They put out a 75-page decision. Meritage says, Well, they goofed. They really didn't mean to say that Meritage was responsible for that. And Meritage points to one sentence in the 75-page arbitration award, which the sentence is pretty opaque, and they say, Wow, they didn't mean to have us in here. What does Meritage do? What do you do if you are a lawyer and that happens? You run off to the district court and take your chance that on a very limited scope of review, the district court will agree? No, you go back to the arbitrators, and you say to the arbitrators, Oops, boo-boo. See this one sentence over here? I see you didn't mean to have us in here, and you just didn't make that clear. Little mistake. Would you please fix that? They did nothing. They never said boo to the arbitrators about this, and they didn't say anything to the arbitrators because they knew the arbitrators wouldn't agree with them. Indeed, I believe that the court should hold this is a waiver, that a party should not be allowed to do this kind of thing, not make the argument to the arbitrators and then show up in the federal courts and argue, Oh, it's for you to figure out what the arbitrators meant. Who should figure that out? The arbitrators should figure it out, and Meritage should have immediately gone to the arbitrators. And that's surely what anyone in their right mind would have done if they really believed that there was this kind of little mistake. Is there any Nevada law requiring that? I don't know. I do not believe there is any Nevada law on that point one way or the other. So as to that, it's an issue of first impression. But I submit in terms of running an effective system, a judicial system and an arbitration system, it makes no sense whatever to allow a party to do this. They have no excuse for it. They had the award. It had the sentence in it that they claim lets them off the hook. Why didn't they go back? They have no explanation for that. They have offered none here today. They offer none in their briefs whatsoever. They say nothing about it unless you ask them about it because they want it to go away. Finally, let's turn to the merits of this. Is it really conceivable that these three experienced jurists would have made this kind of mistake and would have been trying to tell everybody in the world by this one sentence that Meritage plucks out of the 75 pages that Meritage was off the hook? You're talking about the accept Meritage sentence? Well, it's not this isn't they don't rely on and accept Meritage. That's the liability findings. The arbitration panel said different people made different breaches. That's not what they're really relying on. What they rely on is the sentence that is on page 408 of the record, which is page 62 of the arbitration award. This is the sentence under the heading other defaults. Likewise, we find that focuses sustain no damages beyond those directly caused by breaches consisting of actions taken by some or all of the respondents to defer takedowns under the acquisition agreements. That's what they say means. I thought it was tied back to the other one. It is tied back. I think if you read the paragraph. It says some or all. Right. I think that's really critical because that's what they hang their hat on. They say, well, that could have been not us because they didn't say all. They said some or all. It could have been just not part of the sum. Okay. But if you read the paragraph before that, what the arbitrators say is we've concluded direct breaches have occurred. There were failures to fund interest reserves and interest payments and failures to effect takedowns. Well, I think if you read those two paragraphs together, what are the arbitrators saying? They're simply saying various people did various things that were breaches. Then in the next paragraph, the one Meritage loves here, they're saying when they say some or all, they're just referring back to the fact that some people did some of the breaches. They never found that everybody did every one of the breaches. But they surely here were not letting Meritage off the hook. Well, they say we further find that when they single out Meritage, Visa, and Pardee, were not implicated in many of the actions alleged to violate good faith and fair dealing. And that's why I was referring back. They also accepted them out on page 50, whatever it was, 58. Right. But they accepted them out of some things and not other things. And that's why the Court is or, I'm sorry, the Court, the arbitrators refer to some or all. But they accepted them out of the takedowns, right? Yes. But they ultimately found that these acts of all the parties, because they were somewhat different, but all the five homebuilders, caused the default. That's at the bottom of page 58, which is the 404 of the excerpts of the record. That, therefore, led to the breach. And what happens? They're not, FOCUS is then not able to get the money from the lender. I'm sorry. The lenders won't release the property to people. And that's why the arbitrators then refer to deferring takedowns in the sentence that Meritage likes. Yes, the takedowns were deferred because the lenders wouldn't release the money. And the lenders wouldn't release the money because there had been this breach or default under the agreement. And what caused the default under the agreement? These various acts of the homebuilders. That's all that is meant here. It is nothing more than that. And it's not a decision to let Meritage off the hook. There are a couple other things that indicate that also. When you look at what the arbitrators talk about, they talk about claims against the respondents. And then they list the damages claims. And then they say some are found and some aren't. And then they end up with the award. Surely the only way that can be read is these are the claims against the respondents. We award these damages and we don't award those damages. No language that excludes Meritage. In addition, the arbitrators found that nobody was entitled to attorney's fees or costs. Surely if the arbitrators thought that Meritage had won, that is it had no liability. Yes, it breached, but it caused no damages. They would have awarded Meritage attorney's fees because it would have been a prevailing party. It would have won the case. It would have walked away scot-free. And they did not do that. So I think if you look at any indicia in the award, it cannot possibly be read the way Meritage wants. But even before that, Meritage didn't go back to the arbitrators because it knew the arbitrators wouldn't change things in its favor. Therefore, I ask that the Court affirm the arbitration award. Thank you. Thank you, Counsel. Go ahead. We'll give you two minutes. Briefly, Your Honor. In terms of the last argument that was just made about the attorney's fee argument, that's the first time that's been argued here, and I don't believe that's appropriate to raise it for the first time. But under that rationale, the Court would have awarded damages to Focus. They awarded 36 million or attorney's fees. They awarded $36 million. Just so to speculate about who the Court thought was a prevailing party, I don't think carries any water. As to Your Honor's question, I think in the brief, because I didn't want to just have you give up because I was being dense, by incorporating our arguments into the brief or by making our separate brief, it's incorporated by reference under the rule. They're arguing the Focus brief, but I think the purpose of the rule is so we're not rehashing all the same arguments in our brief, so I don't think it goes away. In terms of the standards on the jurisdiction, manifest disregard of the law and completely irrational or, quote, nonstatutory additions to the power of courts to vacate or modify arbitrators' awards, that's a Coase trading case we cited. That's different from the ground. In the statutory ground, if the panel exceeds its jurisdiction, you can challenge it. And the Mass. Tribunal v. Shearson-Lehman case said there it was punitive damages. If the contract says no punitive damages, that's the end of the matter, for courts are bound to interpret contracts in accordance with the expressed intentions of the parties. You can't let them avoid the jurisdiction by simply making a mistake on the jurisdiction. That's for the courts to look at and make sure the parties' agreement is honored. In terms of going to the district court, your question, Your Honor, the statute specifically allows either going to the panel or to the court. They recognize that there are circumstances. You don't have to go back to the arbitration panel. Could we have? Yes. Under the circumstances where this was, as we believe, as clear as it is, we made a decision after a motion to confirm the arbitration that a ward had been filed to go with that particular briefing. In terms of these three jurists could have accepted meritage, I would ask that Your Honors, you know, look at the quotes that we cited. They could not have made it more clear. Yes, they could have. They could have said we don't award damages against meritage. Well, what we're sitting up here is arguing the implications of language. That's why I'm totally frustrated as to why I'm supposed to sit up here and try and figure out who's got the better argument about what this language might have meant. But they also said we award damages as set forth above. Yes. And when you talk about the exception, all members except meritage, deferred takedowns, didn't do their takedowns. Meritage attempted it. It remained ready to go. I understand your argument to say, you know, the people that would really know what they meant would be the – neither the district court nor us would have been the arbitrators. We'll have to weigh that. Okay. Unless Your Honors have any other questions, that's all I have. Thank you, counsel. The case just heard will be submitted for decision. Thank both of you for your briefing and your arguments today.
judges: Thomas, Fisher, Ikuta